OPINION
{¶ 1} Appellant, Howard D. Shannon, appeals from the judgment entered by the Lake County Court of Common Pleas. Appellant was sentenced to seventeen months in prison for his convictions for unlawful sexual conduct with a minor.
 {¶ 2} The victim in this matter was fifteen years old during the relevant times, while appellant was twenty-four years old. One evening in June 2001, the victim went to a local skating rink in Mentor-on-the-Lake, Ohio. On a prior occasion, the victim met Ritchie Batich ("Ritchie"), a twenty-one-year-old male, at the skating rink. Ritchie is appellant's cousin. Shortly after arriving at the skating rink, the victim left with three of her friends and went to visit Ritchie at his home.
 {¶ 3} Upon arriving at Ritchie's residence, the group learned that Ritchie was next door at appellant's parents' house. The group went next door, where they talked to Ritchie and appellant outside of the residence. Soon after, the victim's friends left, and the victim went inside the residence to use the restroom.
 {¶ 4} When the victim exited the restroom, she observed Ritchie and appellant flipping a coin. She testified that she did not know the purpose of the coin toss. However, the testimony of appellant and Ritchie indicates that the coin toss was for the purpose of determining who would have sex with the victim and the victim was aware of this purpose. Appellant won the coin toss.
 {¶ 5} The victim claimed appellant grabbed her arm and pulled her to a back bedroom. In response, she stated "[n]o. I want Ritchie." Appellant denied pulling the victim into the bedroom and stated she went willingly. Once in the room, the victim testified that appellant pushed her onto the bed and laid on top of her. She stated appellant removed her pants and began to have sexual intercourse with her, despite her telling him "no." While appellant and the victim were in the room, appellant's brother, Neil Shannon, Jr. ("Neil"), arrived home and entered the room. Neil stated "[o]h, no. This isn't happening in my room." Thereafter, appellant and the victim left Neil's room. Appellant denied having sexual intercourse in Neil's bedroom.
 {¶ 6} After leaving Neil's room, appellant picked the lock on his parents' bedroom. The victim testified that appellant pulled her into the parents' bedroom. While in the second bedroom, appellant and the victim engaged in sexual intercourse. Appellant testified that this activity was consensual. The victim testified it was not. After the intercourse concluded, appellant left the bedroom.
 {¶ 7} Neil entered the bedroom while the victim was still sitting on the bed. Neil approached the victim and asked her "is it okay." She responded "uh-uh." Neil and the victim engaged in sexual intercourse. Neil left after he was finished.
 {¶ 8} Next, Ritchie entered the room and talked with the victim. The victim got dressed and left the residence. When she left, her friends were waiting for her outside the house. The victim advised her friends of what had happened and, eventually, the police were notified. The victim was taken to the hospital.
 {¶ 9} At the hospital, the victim met with Detective Gerri Deutsch of the Mentor-on-the-Lake Police Department. The victim told Detective Deutsch that she was pulled into the residence. At trial, the victim admitted that this was a lie.
 {¶ 10} As a result of this incident, appellant was indicted in June 2001. This indictment was assigned case No. 01 CR 000311. Appellant was initially indicted on two counts of rape and two counts of kidnapping. In October 2001, a second indictment was filed against appellant, charging him with two counts of unlawful sexual conduct with a minor. The second indictment was assigned case No. 01 CR 000495. These cases were consolidated at the trial court level for the purpose of trial, and the charges in case No. 01 CR 000495 were referred to as counts five and six.
 {¶ 11} Appellant pled not guilty to the charges against him, and a jury trial was held. Following the state's case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. The trial court overruled this motion. Appellant renewed his motion at the close of trial, and, again, the trial court overruled it. The jury found appellant not guilty of the rape and kidnapping charges. The jury found appellant guilty of the unlawful sexual conduct with a minor charges.
 {¶ 12} Appellant was sentenced to seventeen-month prison terms on each of the convictions. These sentences were ordered to be served concurrently. In addition, appellant was labeled a sexually oriented offender. Since appellant was found not guilty of the charges in case No. 01 CR 000311, appellant has only appealed the judgment entered in case No. 01 CR 000495.
 {¶ 13} Appellant raises one assignment of error on appeal:
 {¶ 14} "The jury's verdict as to count 5 of the indictment is against the manifest weight of the evidence."
 {¶ 15} Appellant cites State v. Dresnek and State v.Brown in support of his argument.[1] These cases commingle the legal concepts of sufficiency of the evidence and manifest weight of the evidence.[2] However, in State v.Thompkins, the Supreme Court of Ohio held that these are not synonymous legal concepts.[3] Specifically, the court held "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."[4] We will conduct both a sufficiency of the evidence and a manifest weight of the evidence analysis.
 {¶ 16} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[5]
When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[6]
 {¶ 17} Following the state's case-in-chief, appellant moved for acquittal pursuant to Crim.R. 29. We note that the docket sheet from case No. 01 CR 000311 indicates that appellant moved for, and the state filed, a bill of particulars. This document was filed in July 2001, prior to the indictment in case No. 01 CR 000495 being filed. The record is devoid of a bill of particulars for the counts of unlawful sexual conduct with a minor. Moreover, in the indictment in case No. 01 CR 000495, the counts are verbatim, each alleging appellant committed sexual conduct with the victim on the day in question, without identifying the type of sexual conduct or the location, i.e. which bedroom, the respective charges related to. The discussion of appellant's motion for acquittal indicates that appellant was charged with one count of rape and one count of kidnapping for the conduct that occurred in each of the respective bedrooms. Presumably, this was also the rationale of the unlawful sexual conduct with a minor charges. Accordingly, we will analyze appellant's assignment of error with the presumption that Count 5 of the indictment alleged that appellant engaged in sexual conduct with the victim in Neil's bedroom, and Count 6 of the indictment alleged appellant engaged in sexual conduct with the victim in his parents' bedroom. This analysis is consistent with the parties' arguments in their appellate briefs.
 {¶ 18} Count five alleged that appellant committed unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), which provides:
 {¶ 19} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 20} "`Sexual conduct' means vaginal intercourse between a male and a female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."[7]
 {¶ 21} Appellant contends the state failed to provide sufficient evidence to support a conviction for the activities which occurred in Neil's bedroom (count five). Appellant is not challenging the conviction for the activities which occurred in his parents' bedroom (count six).
 {¶ 22} Appellant is not contesting the evidence presented regarding his knowledge of the victim's age or that the victim was not his spouse. Appellant asserts the state failed to provide sufficient evidence showing that he engaged in sexual conduct with the victim in Neil's bedroom. We disagree.
 {¶ 23} The victim provided the following testimony on direct examination regarding the events that took place in Neil's bedroom:
 {¶ 24} "Q. At this time after your pants were removed, can you tell us what took place after that?
 {¶ 25} "A. Then [appellant] pushed down his pants and started to go in me.
 {¶ 26} "Q. At the time you say go into you, describe what part of the body he touched you with.
 {¶ 27} "A. His penis.
 {¶ 28} "Q. Where did he touch you with his penis?
 {¶ 29} "A. My crotch.
 {¶ 30} "Q. When he started to go in, can you describe for us what you felt at that time?
 {¶ 31} "A. I felt him like starting to push it into me and I told him no."
 {¶ 32} The victim testified that appellant inserted his penis into her vagina. While she testified that the actions were interrupted by Neil, we note that "penetration, howeverslight," is sufficient to complete intercourse.[8]
 {¶ 33} Through the testimony of the victim, the state provided evidence regarding the incident in Neil's bedroom that, when viewed in a light most favorable to the prosecution, was sufficient for a reasonable person to find appellant guilty of unlawful sexual conduct with a minor. Thus, the trial court did not err by overruling appellant's Crim.R. 29 motion for acquittal.
 {¶ 34} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 35} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[9]
 {¶ 36} The weight to be given to the evidence and the credibility of witnesses are primarily matters for the jury to decide.[10]
 {¶ 37} Appellant and the victim both testified regarding the events that occurred in Neil's bedroom. The victim claimed they engaged in sexual intercourse. Appellant testified that, while he had removed the victim's pants and underwear, Neil interrupted them before any sexual conduct occurred. We do not find that the jury created a manifest miscarriage of justice in choosing to believe the victim's version of the events.
 {¶ 38} Appellant notes that the victim's credibility was challenged regarding her lie in her initial statement to the police, where she said she was pulled into the house. However, the jury was able to evaluate the credibility of the victim's testimony during the trial. The victim admitted that she had initially lied. This is not a conclusive indication that she lied on the witness stand Further, the jury returned not guilty verdicts on the rape and kidnapping charges. Thus, the jury demonstrated its ability to be discerning in its decision making.
 {¶ 39} Appellant's conviction for unlawful sexual conduct with a minor (count five) was not against the manifest weight of the evidence.
 {¶ 40} Appellant's assignment of error is without merit.
 {¶ 41} The judgment of the trial court is affirmed.
Judgment affirmed.
Ford, P.J., and Christley, J., concur.
[1] State v. Dresnek (Nov. 10, 1994), 11th Dist. No. 93-A-1845, 1994 Ohio App. LEXIS 5077, at *6, quoting State v.Brown (1988), 38 Ohio St.3d 305, paragraph four of the syllabus.
[2] Id.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
[4] Id.
[5] Crim.R. 29(A).
[6] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307.
[7] R.C. 2907.01(A).
[8] (Emphasis added.) Id.
[9] (Citations omitted.) State v. Thompkins,78 Ohio St.3d at 387.
[10] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.